UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Richardson,<br>aka Curtis D. Richardson<br>aka Curtis Dale Richardson,<br>                    Plaintiff,<br><br>vs.<br><br>Matt Mahon, Loris S.C. Policeman,<br>Karen Shepherd, Chief of Police of Loris, S.C.,<br>Sgt. Richardson,<br>Major Johnson,<br>South Carolina Department of Corrections Classification Supervisor (Name Unknown),<br>*Individual and Official Capacities*,<br>                    Defendants. | C/A No. 4:15-3317-RBH-TER<br><br><br><br>REPORT AND RECOMMENDATION |

This is a civil action filed *pro se* by a state pre trial detainee. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

BACKGROUND

Plaintiff alleges that he was arrested in April of 2015 by Officer Mahon with the Loris Police Department for unlawfully having a pistol in his truck. (Doc. # 1 at 3-4). He indicates he was released on a five thousand dollar personal recognizance bond. Id. Thereafter Plaintiff alleges that on May 2, 2015, Officer Mahon came to his house and re-arrested him. Plaintiff alleges that during this encounter, Officer Mahon tased him without justification or provocation. Plaintiff indicates he

1

was incarcerated without bond for approximately three months, and eventually was released sometime in early July. Id. Plaintiff indicates that he spoke with chief of police Karen Shepard regarding his interaction with Officer Mahon and Plaintiff's situation. Id. at 4. Subsequently, on July 29, 2015, Plaintiff alleges that he was re-arrested again on the same firearm offense, and that he is being held without bond at the J. Reuben Long Detention Center. Id. Plaintiff indicates that after his arrest on July 29, 2015, Police Chief Karen Shepherd took his house keys and without showing a search warrant or permission went into his house and seized a number of items. Id. During his detention at J. Reuben Long, Plaintiff alleges that Major Johnson and Sgt Richardson have refused him access to the law library. Id. Finally, Plaintiff complains about his SCDC classification related to a prior incarceration. Id. at 5.

It appears from the South Carolina Judicial Department website that Plaintiff was arrested on April 14, 2015 on, inter alia, a firearms charge, and was released on a five thousand dollar recognizance bond on April 15, 2015.[1] See Horry County Fifteenth Judicial Circuit Public Index Search website, http:// www4.rcgov.us/publicindex/PISearch.aspx?CourtType=G (search by Plaintiff's name and "Search Public Index") (last visited September 16, 2015).[2] This charge remains pending. Id. Plaintiff was then arrested on May 3, 2015 on various charges including drugs, resisting arrest, and obstructing justice. Id. He bonded out on these charges, which remain pending, on July

---

[1] It also appears the Plaintiff was arrested on April 18, 2015 for charges of Criminal Domestic violence and malicious injury to animals.

[2] The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07–3459–PWG, 2008 WL 4848362 at *7 (D.Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

14, 2015. Id. Plaintiff was then arrested on August 6, 2015 on drug and firearm charges, which remain pending. It appears that bond was set, but never posted. Thus, Plaintiff has apparently been incarcerated in the detention center since approximately August 6, 2015 on the most recent set of charges.

In this action, Plaintiff seeks damages for the alleged violations of his constitutional rights.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to

partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

Defendants Sgt Richardson and Major Johnson are entitled to summary dismissal because lack of access to a law library does not rise to the level of a deprivation of a constitutional right. The Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required

4

to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987). "[T]he brevity of confinement does not permit sufficient time for prisoners to petition the courts." Id. at 452. Furthermore, representation by counsel negates a prisoner's claim of inadequate access to the courts. Hause v. Vaught, 993 F.2d 1079, 1084–85 (4th Cir.1993). Specifically, a pretrial detainee's constitutional right to access to the courts in preparing his defense is satisfied if he has an attorney or was offered counsel but waived his right thereto.[3] United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir.1978) (discussing applicability of Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), to pretrial detainees).

To the extent that Plaintiff's library allegation could be construed as claiming denial of court access, his claim also fails. To state a claim for denial of court access, a plaintiff must allege that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. Lewis v. Casey, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Id. at 343. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir.1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir.1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. Lewis, 518 U.S. at 353–54. The actual injury requirement is not

---

[3] In his complaint, Plaintiff indicates that he "spoke with [his] attorneys" regarding his complaints against Officer Mahon. Doc. # 1 at 3.

satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." Id. at 353–55.

In this case, Plaintiff simply alleges that he was denied access to the law library, but fails to allege any specific facts as to actual injury due to his alleged denial of access to legal materials. Therefore, Plaintiff has failed to state a cognizable claim and Defendants Sgt. Richardson and Major Johnson are entitled to summary dismissal.

With regards to Plaintiff's third claim which focuses on his classification as a non-violent or violent offender, this claim is without merit. South Carolina law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. See, e.g., Keeler v. Pea, 782 F.Supp. 42, 43-44 (D.S.C.1992) (citing Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)); Vice v. Harvey, 458 F.Supp. 1031, 1034 (D.S.C.1978); and Brown v. Evatt, 322 S.C. 189, 470 S.E.2d 848 (S.C.1996) (holding South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). See also Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."). Accordingly, this claim, and the unknown SCDC classification supervisor against whom it is brought, are both subject to dismissal.

**RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this

case *without prejudice.* <u>See Brown v. Briscoe</u>, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  As noted above, it is recommended that Defendants Sgt. Richardson, Major Johnson, and SCDC Classification Supervisor of unknown name be summarily dismissed without issuance and service of process.  By separately-filed order, the undersigned is authorizing service of process upon Defendants Officer Mahon and Chief of Police Karen Shepherd to answer or otherwise plead as to all allegations against them not otherwise addressed herein.

     Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 16, 2015  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).