IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Richardson, <br> a/k/a Curtis D. Richardson, <br> a/k/a Curtis Dale Richardson, <br><br> Plaintiff, <br><br> v. <br><br> Matt Mahon, Loris S.C. Policeman, <br> Karen Shepherd, Chief of Police of Loris, <br> S.C., Sgt. Richardson, Major Johnson, <br> South Carolina Department of Corrections <br> Classification Supervisor (Name Unknown), <br> *Individual and Official Capacities*, <br><br> Defendants. | Civil Action No.: 4:15-3317-RBH <br><br><br><br><br><br> **ORDER** |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [ECF No. 10] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on October 16, 2015. In his R & R, the Magistrate Judge recommended that the court should summarily dismiss as parties, without prejudice, Defendants Sgt. Richardson, Major Johnson, and SCDC Classification Supervisor of unknown name. Plaintiff timely filed objections to the R & R. *See* Obj. [ECF No. 13].

## **Background**

In his Complaint, Plaintiff alleges (relating to the defendants at issue) that he filed "grievances/requests to Major Johnson and Sgt Richardson whom are the law library personnel." (Compl., p. 4, ECF No. 1) He alleges that they refused to allow him to use the law library although

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

he had "multiple" cases pending in which he was *pro se*.

He also alleges that he was serving a sentence as a non-violent offender from 2011 to November of 2013 but that the SCDC classification supervisor changed his classification to violent. He alleges that, as a result, he was denied parole hearings and other privileges such as work release and better custody levels.

He seeks damages for the alleged violations of his constitutional rights.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

Plaintiff brought this § 1983 action against five defendants, including the parties at issue in

this order, Sgt. Richardson, Major Johnson, and the SCDC classification supervisor. The Magistrate Judge recommends summary dismissal, without prejudice, of the latter three (3) defendants. *See* R & R at 7. Plaintiff timely objected to that recommendation.

**Defendants Sgt Richardson and Major Johnson**. In the R & R, the Magistrate Judge found that Defendants Sgt Richardson and Major Johnson should be summarily dismissed because lack of access to a law library by a pretrial detainee housed at a local jail does not rise to the level of a constitutional violation. The Magistrate Judge also finds that a pretrial detainee's right to access to the courts in preparing his defense is satisfied if he had an attorney or was offered counsel. In addition, the Magistrate Judge finds that Plaintiff's claims should be dismissed because he has not shown actual injury from the alleged denial of access to the jail's law library.

Plaintiff asserts in his objections that he provided Sgt. Richardson with court orders documenting his need to use the law library but that he and Major Johnson still refused to allow him to use the law library or have copies of legal materials. He also asserts that he did not have counsel in five of his cases and that he was not offered counsel and did not waive counsel in those cases. In addition, Plaintiff asserts that the Second Circuit has held that the "actual injury" requirement of *Lewis v. Casey*, 518 U.S. 343 (1996) does not apply to pretrial detainees.[2]

The Supreme Court held in *Bounds v. Smith*, 430 U.S. 817, 828 (1977) that "the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." However, in *Lewis v.*

---

[2] Plaintiff does not cite the Second Circuit case on which he relies. He may be referring to *Benjamin v. Fraser*, 264 F.3d 175 (2nd Cir. 2001), but that case is not applicable as it held that pretrial detainees challenging regulations which allegedly adversely affected their Sixth Amendment right to counsel by impeding attorney visitation were not required to show actual injury.

*Casey*, 518 U.S. 343 (1996), the Supreme Court clarified that there is no freestanding right for inmates to have access to legal assistance or a law library. The court held that the "tools (required by *Bounds*) are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Instead, the law library is connected to the well-established right of inmates to have access to the courts. In order to establish a violation of the constitutional right of access to the courts, an inmate must show that he has suffered an actual injury, which the Supreme Court defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 350.

In *United States v. Chatman*, 584 F.2d 1358 (4th Cir. 1978), a criminal defendant exercised his right of self-representation at trial and waived the assistance of counsel. On direct appeal, he attacked his conviction on grounds that he was denied access to a prison law library to prepare his defense. The Fourth Circuit held:

> We do not read Bounds to support (the conclusion that a criminal defendant who waives his right to counsel has a right of access to legal matters to prepare his defense). Bounds was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief . . . Thus, to the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered defendant the assistance of counsel which he declined.

584 F.2d at 1360.

The Supreme Court has held in the context of habeas review under 28 U.S.C. § 2254 that *pro se* criminal defendants do not enjoy a clearly established Sixth Amendment right to law library access before trial to do research. *Kane v. Garcia*, 546 U.S. 9 (2005).

4

Plaintiff attempts to show actual injury for alleged denial of access to courts in his objections as follows. First, he contends that on October 8, 2015, he gave Sgt. Richardson court orders in Case Number 4:15-cv-02638-RBH-TER[3], entry numbers 6, 20, 21, and 22, "for the need of usage and copies of legal documents". Entry Number 6 was an order requiring the plaintiff to bring the case into proper form by August 17, 2015. Richardson timely filed an amended petition, thus bringing the case into proper form. Entry number 20 was an order authorizing service, directing the respondent not to answer, and directing Richardson to notify the Clerk of any change of address. Entry number 21 was an order granting Richardson IFP status. These orders required no response by Richardson other than notifying the Court of any change of address. Entry number 22 was the Magistrate Judge's Report and Recommendation, with attached notice that any objections should be filed by October 19, 2015. Richardson filed timely objections. Thus, Richardson showed no actual injury relating to those docket entries.

Plaintiff next cites an order of the Fourth Circuit dated October 1, 2015 in his *pro se* interlocutory appeal (No. 15-4589) from this Court's order in a pending federal criminal case (Criminal No. 4:15-cr-00492) denying a motion to dismiss for alleged speedy trial violations. In its order, the Fourth Circuit provided a response deadline of October 22, 2015. The Fourth Circuit docket reflects that the deadline was extended to November 5, 2015 and that a timely response was mailed to the Fourth Circuit for filing on November 2, 2015. He has therefore shown no actual injury regarding this appeal. The Court further takes judicial notice of the district court records in the federal criminal case

---

[3] Civil Action Number 4;15-2638-RBH was an action seeking relief under 28 U.S.C. § 2241 in which Petitioner sought to be released on bond. This Court adopted the Report and Recommendation of the Magistrate Judge finding that the case should be summarily dismissed based on failure to exhaust state court remedies and abstention under *Younger v. Harris*, 401 U.S. 37 (1971). This Court also ruled, based on arguments made in Petitioner's objections to the R&R, that any arguments relating to pending federal charges should be made in that case and that he is not being subjected to double jeopardy through dual prosecution. Richardson's appeal from this Court's order is pending in the Fourth Circuit.

which show that he entered a guilty plea to the federal criminal charge on January 15, 2016. (ECF No. 171, Criminal No. 4:15-cr-00492-RBH)

Plaintiff next cites entry number 10 of the within case, the Report and Recommendation, with its objection deadline of November 2, 2015. However, he filed timely objections, so no actual injury has been shown.

Plaintiff also asserts that he has three pending criminal cases "which are to be tried via jury in pro se", but he does not specifically list them. The Court takes judicial notice that, in the federal criminal case against the plaintiff pending in this Court before the undersigned, (Criminal No. 4:15-cr-00492-RBH), Plaintiff requested the Court to relieve the public defender from representation, other than as standby counsel, and has chosen to represent himself. As noted above, he entered a guilty plea to the federal criminal charge on January 15, 2016. As noted by the Magistrate Judge, under *Chatman*, Plaintiff's constitutional right to access to the courts in preparing his defense was satisfied where he was offered counsel but waived his right thereto. Plaintiff also states in his objections that "magistrate court does not appoint counsel". Under *Scott v. Illinois*, 440 U.S. 367 (1979), "[t]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be **sentenced to a term of imprisonment** unless the State has afforded him the right to assistance of appointed counsel in his defense." *Id*. at 374 (emphasis added). Therefore, Plaintiff may have been charged with some South Carolina magistrate court offenses as to which he was not entitled to counsel. The Court takes judicial notice of the Horry County, South Carolina Public Index Search website, http://publicindex.sccourts.org/Horry?PublicIndex/PISearch.aspx, which shows some criminal charges pending against Plaintiff. However, he has not alleged any facts related to those cases to show that he has suffered actual injury or prejudice in his criminal cases because of his alleged denial of

access to the library.

Based on the above, the Court finds that the plaintiff has not shown actual injury. He was able to meet all deadlines and extended deadlines in his cases. Also, he has not shown actual injury or prejudice in any pending criminal cases.

Upon review, the court overrules Plaintiff's objection and finds that Defendants Sgt. Richardson and Major Johnson are entitled to summary dismissal. Accordingly, the court adopts the Magistrate Judge's recommendation that Defendants Sgt. Richardson and Major Johnson should be summarily dismissed.

**<u>Defendant Classification Supervisor of Unknown Name.</u>** The Magistrate Judge additionally recommended summary dismissal of Defendant Classification Supervisor of Unknown Name on the basis that South Carolina law confers no protected liberty interest upon inmates of the SCDC in security or custody classifications. Plaintiff asserts in his objections that his classification change caused him to be denied parole eligibility. However, it is well settled that a prisoner has no protected liberty interest in the grant of parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 10-11 (1979) ("That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained . . . To that extent the general interest asserted here is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process.") The Court accordingly dismisses the SCDC classification supervisor of unknown name and denies the plaintiff's request in the objections to add other employees involved with classification as parties defendant.

In sum, the court overrules all of Plaintiff's objections and is in agreement with the Magistrate Judge that Defendants Sgt Richardson, Major Johnson, and SCDC Classification Supervisor of

Unknown Name are entitled to summary dismissal.

**Plaintiff's Proposed Amendments to Add New Claims and New Parties**. In his objections to the R & R, Plaintiff attempts to add two new claims against several new parties. He first asserts a new claim against a new defendant, Officer Will Duncan, in his individual and official capacities, and the Horry County Police Department. The basis of the claim is that Plaintiff's 1997 GMC Safari van was allegedly towed and sold, constituting a deprivation of due process. The second new claim is against an Horry County Police Officer of Unknown Name in his individual and official capacities and the Horry County Police Department for towing a 1986 Chevrolet S-10 classic vehicle to Doyle's Wrecker Service and against Brian Doyle as an alleged state actor under Section 1983 for selling the "truck" without his permission. Plaintiff does not indicate when these alleged events occurred.

At the outset, the Court notes that Plaintiff cannot use his objections to the R&R to plead new claims. *See Backus v. Cox*, No. 4:13-cv-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013); *see also* 28 U.S.C. § 636(b)(1)(c). Assuming that he could move to amend the complaint in his objections to the R&R, Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend his pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In this case, the objections were filed before service of any defendants was effected, and the new claims are the type of pleading that requires a responsive pleading. Therefore, the proposed amendments would be timely under Rule 15. However, Federal Rule of Civil Procedure 18 governs the joinder of claims and Rule 20 governs the permissive joinder of parties. Rule 18(a) provides that a party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) provides that persons may be joined in one action as defendants if "(A) any right to relief is asserted

8

against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Plaintiff's proposed new parties and claims are unrelated to any of the claims in the plaintiff's complaint. The remaining parties named in the original complaint (Matt Mahon and Karen Shepherd) were allegedly employed by the Loris, South Carolina Police Department. The original claims relate to alleged excessive force during an arrest on May 2, 2015; an alleged search of Plaintiff's home after an arrest in July of 2015; and an alleged change to his classification. The new claims are against different parties (Horry County Police Department, Brian Doyle, and Doyle's Wrecker Service) and concern apparently unrelated allegations that certain vehicles were seized and sold. Therefore, Plaintiff must file a separate lawsuit to allege these claims. *See Neitzke v. Williams*, 490 U.S. 319 (1989) (joinder of defendants not proper under Rule 20 unless both commonality and the same transaction or occurrence requirements are satisfied.). Therefore, the request to amend contained in the objections is denied without prejudice.[4]

## **Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections[5] and adopts and incorporates by reference the R & R of the Magistrate Judge. Accordingly, Defendants Sgt Richardson, Major Johnson, and SCDC Classification Supervisor of Unknown Name are **DISMISSED**, *without prejudice*, and without issuance and service of process.

---

[4] A review of the docket in this case reveals that Plaintiff has filed two motions to amend in this case. (ECF Nos. 25 and 27)

[5] To any extent that this Order does not specifically address an objection by Plaintiff, the court has reviewed all of Plaintiff's objections and determined his objections to be without merit.

Plaintiff's request in the objections to amend his complaint to add new claims and new parties is **DENIED without prejudice**.

    **IT IS SO ORDERED**.

                                                              s/R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

Florence, South Carolina
January 25, 2016