UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CURTIS DALE RICHARDSON, | ) | Civil Action No.: 4:15-cv-3317-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| MATT MAHON, Loris S.C. Policeman; | ) | **REPORT AND RECOMMENDATION** |
| KAREN SHEPARD, Chief of Police of | ) | |
| Loris, S.C.; SGT. RICHARDSON, MAJOR | ) | |
| JOHNSON; and SOUTH CAROLINA | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| CLASSIFICATION SUPERVISOR (name | ) | |
| unknown)[1], | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Presently before the court is Plaintiff's Motion for Preliminary Injunction (Document # 28). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. The report and recommendation is entered for review by the district judge.

In his motion for preliminary injunction, Plaintiff asks the court to temporarily release him from custody. The purpose of a preliminary injunction is to preserve the status quo pending a final trial on the merits. Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir.1999). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in

---

[1] Defendants Sgt. Richardson, Major Johnson, and SCDC Classification Supervisor (name unknown) have been dismissed from this action. See Order (Document # 34).

the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346–47 (4th Cir.2009), vacated on other grounds, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010), restated in relevant part on remand, 607 F.3d 355 (4th Cir.2010) (per curiam).  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim presently before the court. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345–46.   Plaintiff recites these elements in his motion, but presents no facts or evidence to support them.  Even if Plaintiff could make such a showing, release from prison would still not be an appropriate remedy in this § 1983 action. Supreme Court precedent makes clear that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983) (noting that § 1983 "cannot be used to seek release from illegal physical confinement"); Yagman v. Johns, No. 5:08-HC-2103-D, 2009 WL 6669325, at *3 (E.D.N.C. Feb. 12, 2009) ("Release from confinement is not a remedy available for an Eighth Amendment deliberate-indifference claim." (citing Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005))) aff'd, 328 Fed.Appx. 280 (4th Cir. 2009).  For these reasons, it is recommended that Plaintiff's Motion for Preliminary Injunction (Document # 28) be denied.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

April 28, 2016
Florence, South Carolina

**The parties are directed to the important information on the following page.**