UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CURTIS DALE RICHARDSON, | ) | Civil Action No.: 4:15-cv-3317-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| MATT MAHON, Loris S.C. Policeman; | ) | **ORDER** |
| KAREN SHEPARD, Chief of Police of | ) | |
| Loris, S.C.; SGT. RICHARDSON, MAJOR | ) | |
| JOHNSON; and SOUTH CAROLINA | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| CLASSIFICATION SUPERVISOR (name | ) | |
| unknown)[1], | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Presently before the court are Plaintiff's Motion to Appoint Counsel and for Discovery (Document # 22), Motions to Amend Complaint (Documents # 25, 27), Motion to Compel (Document # 40), and Motions for Issuance of Subpoenas (Documents # 45, 55). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II. MOTION TO APPOINT COUNSEL AND FOR DISCOVERY

In this motion, Plaintiff asks for appointment of counsel. While the court has discretionary authority to "request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1), "it is well settled that in civil actions the appointment of counsel should be allowed

---

[1] Defendants Sgt. Richardson, Major Johnson, and SCDC Classification Supervisor (name unknown) have been dismissed from this action. See Order (Document # 34).

only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975) (internal citation omitted). Whether exceptional circumstances exist depends on "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984) (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982)). Plaintiff's case does not involve complex issues. Furthermore, Plaintiff's filings in this case and in the several other cases he has filed with this court demonstrate that he can sufficiently articulate his claims and prosecute his case. A review of this case as a whole reveals that exceptional circumstances do not exist that would warrant the appointment of counsel. Accordingly, Plaintiff's motion to appoint counsel is denied.

Plaintiff also asks to be allowed to engage in discovery, and includes his discovery requests to Defendants in the motion. Discovery requests are to be served on parties, not filed with the court, and the court does not get involved in discovery matters until a party has requested discovery pursuant to the Federal Rules of Civil Procedure and, thereafter, a dispute arises. Therefore, this portion of Plaintiff's motion is denied.

### III.   MOTIONS TO AMEND COMPLAINT

In Plaintiff's first motion to amend, he seeks to add Officer Jeff Gore of the Loris Police Department as a Defendant in this case. The second motion, entitled "Motion to Amend and Amendment," filed the same day, appears to be the amended complaint that Plaintiff wishes to file. Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely when justice so requires. "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)

-3-

and quoting Johnson v. Oroweat Foods Co., 785 F.2d 503,509-10 (4th Cir.1986)).

Defendants argue that the amendment would be futile because Plaintiff has failed to allege any facts that would give rise to a claim against Officer Gore. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-11 (4th Cir.1986); see also Rambus, Inc. v. Infineon Technologies, AG, 304 F.Supp.2d 812, 819 (E.D.Va.2004); Robinson v. GEO Licensing Co., L.L.C., 173 F.Supp.2d 419, 423 (D.Md.2001). In the proposed amended complaint, Plaintiff alleges that Officer Gore searched his house without permission or a warrant and took possession of his vehicle without permission or a warrant.

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Here, Plaintiff has alleged sufficient facts against Officer Gore such that allowing the amendment would not be clearly insufficient or frivolous on its face. Therefore, Plaintiff's motions to amend are granted. The clerk of court is directed to file Plaintiff's original complaint (Document # 1) with his amended complaint (Document # 27) attached as Plaintiff's amended complaint. Plaintiff is directed to provide the proper service documents for Officer Jeff Gore within ten days of the date of this order.

### IV.    MOTION TO COMPEL DISCOVERY

In this motion, Plaintiff seeks an order compelling Defendants to produce medical records from the J. Rubuen Long Detention Center and the Darlington County Detention Center. Plaintiff asserts in his motion that he requested these copies "as early as December 1, 2015." However, Plaintiff did not attach to his motion a copy of his discovery requests as required by Local Rules

37.01(B) and 7.04, D.S.C., nor has he attached a copy of the certificate of service indicating when he served this requests on Defendants. Defendants argue that they never received these discovery requests, and, even if they did, they are not the proper parties from whom to seek this information because they are not employed and/or affiliated with either the J. Reuben Long Detention Center or the Darlington County Detention Center and, thus, the requested documents are not within their custody or control. For these reasons, Plaintiff's motion to compel is denied.

Within this motion, Plaintiff also seeks an extension of thirty days, although he does not identify which deadline he seeks to extend. In light of the court's ruling above allowing Plaintiff to add a new party, and the ruling below allowing for the requested subpoenas, a new scheduling order will be entered. Thus, this portion of the motion is moot.

**V.    MOTIONS FOR SUBPOENAS**

In his first motion for subpoenas, Plaintiff seeks a subpoena form to obtain medical records. However, Plaintiff does not identify to whom he wishes to serve the subpoena. However, given his previous motion to compel, in which he seeks to compel Defendants to produce medical records from the J. Reuben Long Detention Center and the Darlington County Detention Center, the undersigned presumes these are the entities from which he seeks the medical records. Plaintiff's first motion to subpoena is granted.

In his second motion for subpoena, he again seeks a subpoena for medical records from Darlington County Detention Center. In light of the above, that request is moot. He also seeks a subpoena form to obtain a copy of the audio recording of proceedings held at the J. Reuben Long Detention Center on June 12, 2015, during which "Office Mahon admits Plaintiff posed no threat to himself of anyone during" the May 2, 2015, arrest. Pl. Motion p. 1. This motion for subpoena is granted as well.

-5-

The clerk of court is directed to send three unsigned blank subpoena forms to the Plaintiff. Plaintiff shall appropriately complete the form and return it to the court for review within ten days of the date of this order. Once the subpoena forms have been appropriately completed, returned and reviewed by the court, if appropriate, they will be signed and returned to Plaintiff for prompt service upon the third-parties. Plaintiff should be precise as to the documents requested and must show an ability to pay any associated costs.

## V.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Appoint Counsel and for Discovery (Document # 22) is denied, Motions to Amend Complaint (Documents # 25, 27) are granted as set forth above, Motion to Compel (Document # 40) is denied in part and moot in part, and Motions for Issuance of Subpoenas (Documents # 45, 55) are granted as set forth above. An amended scheduling order is filed along with this order.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 28, 2016  
Florence, South Carolina