UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CURTIS DALE RICHARDSON, | ) | Civil Action No.: 4:15-cv-3317-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| MATT MAHON, Loris S.C. Policeman; | ) | **ORDER** |
| KAREN SHEPARD, Chief of Police of | ) | |
| Loris, S.C.; and JEFF GORE¹, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Presently before the court is Defendants' Motion to Strike (Document # 61) a portion of Plaintiff's affidavit submitted Plaintiff's response to the Motion for Summary Judgment. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In Plaintiff's affidavit (Ex. G to Pl. Resp. (Document 60-1, pp. 10-11)), he states that he spoke to three law enforcement officers, who each told him that Officer Mahon should have had either a police vehicle camera, or a body camera, or both, recording the events leading up to and during his arrest on May 2, 2015.

Under Rule 56(e), Fed.R.Civ.P., affidavits submitted in support of a party's position "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

---

¹Defendants Sgt. Richardson, Major Johnson, and SCDC Classification Supervisor (name unknown) have been dismissed from this action. See Order (Document # 34).

"Generally, an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962 (4th Cir. 1996). As such, summary judgment affidavits must be based on personal knowledge, cannot be conclusory, and cannot be based upon hearsay. Rohrbough v. Wyeth Labs., Inc., , 916 F.2d 970, 975 (4th Cir. 1990); Maryland Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1252 (4th Cir. 1991).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801(c). Plaintiff's affidavit contains inadmissible hearsay in that he presents only what three law enforcement officers have allegedly told him. Therefore, his affidavit is improper.

For this reason, Defendants' Motion to Strike (Document # 61) is **GRANTED**.

**IT IS SO ORDERED.**

                                           s/Thomas E. Rogers, III
                                           Thomas E. Rogers, III
                                           United States Magistrate Judge

January 31, 2017
Florence, South Carolina