UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Richardson, aka Curtis D. Richardson, aka Curtis Dale Richardson,<br><br>    Plaintiff,<br><br>v.<br><br>Matt Mahon, Loris S.C. Policeman; Karen Shepherd, Chief of Police of Loris, S.C.; Officer Jeff Gore;<br><br>    Defendants. | Civil Action No.: 4:15-cv-03317-RBH<br><br>**ORDER** |

Plaintiff, Curtis Richardson, currently incarcerated at FCI Butner in Butner, North Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pending before the Court is Defendants' [ECF No. 81] motion for summary judgment and Plaintiff's [ECF No. 88] motion for preliminary injunction.

This matter is before the court with the Report and Recommendation [ECF No. 96] of Magistrate Judge Thomas E. Rogers, III filed on January 31, 2017.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be denied as to the excessive force claim against Officer Mahon and granted as to his false arrest and supervisory liability claims. With regard to Plaintiff's claim relating to the search of his house and the loss or destruction of property, the Magistrate Judge recommended summarily dismissing that claim because the Plaintiff failed to state a claim under § 1983 and also has a viable state remedy under the S.C. Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq. for any property damage. The Magistrate Judge also recommended

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

that Plaintiff's motion for preliminary injunction be denied. On February 6, 2017, Defendants filed objections the Magistrate Judge's Report and Recommendation. On February 28, 2017, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation and a reply to Defendant's objections.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

**Discussion**

A.   **False Arrest Claim**

The Magistrate Judge found that Plaintiff's arrests on April 14, 2015, and May 2, 2015, did not constitute a violation of Plaintiff's constitutional rights. As to the April 14, 2015 arrest, the Magistrate Judge found that the arresting officer's knowledge that Plaintiff was driving with a suspended license in an uninsured vehicle was sufficient probable cause to initiate a traffic stop. As to the May 2, 2015 arrest, the Magistrate Judge found that Plaintiff's possession of Oxycodone, a crack pipe, and what appeared to be cocaine base was sufficient to establish probable cause for his arrest. Accordingly, the Magistrate Judge recommended summary judgment with respect to Plaintiff's false arrest claims arising from his April 14, 2015 and May 2, 2015 arrests.

In his objections, Plaintiff clarifies that he did not intend to bring a false arrest claim for his April 14, 2015 arrest. Rather, Plaintiff intended to seek a claim for an alleged *Miranda* violation that resulted in the suppression of statements in his Federal criminal case. However, a violation of *Miranda* does not result in a constitutional violation unless the statements were used against Plaintiff in his criminal case. *See Chavez v. Martinez*, 538 U.S. 760, 769 (2003); *Burrell v. Virginia*, 395 F.3d 508, 513-14 (4th Cir. 2005). In Plaintiff's case, the statements allegedly taken in violation of *Miranda* were suppressed by the district court and not used in his criminal case. *See United States v. Curtis Richardson*, Crim. No. 4:15-cr-00492-RBH, [ECF Nos. 102, 211]. Accordingly, Plaintiff cannot state a constitutional claim for the alleged *Miranda* violation that resulted in the suppression of statements in his Federal criminal case.

As to the May 2, 2015 arrest, Plaintiff argues that the Magistrate Judge erred in concluding that the Oxycodone, crack pipe, and the substance appearing to be crack cocaine was probable cause

for his arrest. Plaintiff, citing *Smith v. Ohio*, 494 U.S. 541 (1990), argues that the items discovered as a result of an unlawful search cannot serve as the basis for probable cause. Plaintiff's reliance on *Smith* is misplaced. In *Smith*, the Supreme Court held that a warrantless search of a suspect's bag could not be justified as a search incident to a lawful arrest when the suspect was arrested for drug abuse after drug paraphernalia was found in the bag. *Smith*, 494 U.S. at 543-44. *Smith* involved the suppression of evidence in a criminal case, not a civil § 1983 action. As the Magistrate Judge noted in footnote 6 of the Report and Recommendation, "exlusionary rules or 'fruit of the poisonous tree' arguments are not applicable in § 1983 civil actions for monetary damages." *See* [ECF No. 96, pg. 10]. Accordingly, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's possession of drugs and drug paraphernalia was sufficient to establish probable cause for his May 2, 2015 arrest.

**B.      Excessive Force Claim**

Plaintiff's excessive force claim stems from his May 2, 2015 arrest. Plaintiff claims Officer Mahon used excessive force when, he alleges without provocation, Officer Mahon used his Taser against Plaintiff during the course of the arrest. Specifically, the Magistrate Judge found there was a genuine dispute as to the historical facts of the tasing incident. According to Plaintiff's sworn statement, Officer Mahon drove into Plaintiff's yard as Plaintiff's girlfriend was leaving, Plaintiff asked Officer Mahon to leave his property, and Officer Mahon tased him. Viewing the evidence in the light most favorable to the Plaintiff, the Magistrate Judge found a genuine issue of material fact as to whether Officer Mahon used excessive force during the course of the May 2, 2015 arrest. The Magistrate Judge also found that Officer Mahon was not entitled to qualified immunity because,

notwithstanding the disputed historical facts, Plaintiff's right to be free from unprovoked tasing was clearly established at the time of the incident.

Defendant Mahon objected to the Magistrate Judge's recommendation arguing that no reasonable juror could believe Plaintiff's version of events. Defendant Mahon also argues the Magistrate Judge erred in failing to consider Plaintiff's complete lack of injury. Finally, Defendant Mahon challenges the Magistrate Judge's recommendation regarding qualified immunity.

Excessive force claims are evaluated under the Fourth Amendment's objective reasonableness standard. *Wilson v. Flynn*, 429 F3d 465, 468 (4th Cir. 2005). In determining whether a Fourth Amendment violation occurred, the Court must "weigh the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Bailey v. Kennedy*, 349 F.3d 731, 743 (4th Cir. 2003). The test is not capable of precise definition or mechanical application and requires careful attention to the facts and circumstances of each particular case. *Bailey*, 349 F.3d at 743. The relevant facts and circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "The extent of the plaintiff's injury is also a relevant consideration." *Bailey*, 349 F.3d at 743. "The question is whether the totality of the circumstances justified a particular sort of seizure." *Jones v. Buchanan*, 325 F.3d 520, 527-28 (4th Cir. 2003).

Clearly, as the Fourth Circuit acknowledged in *Armstrong*, "deploying a taser is a serious use of force." *Estate of Armstrong v. Village of Pinehurst*, 810 F.3d 892, 902 (4th Cir. 2016). In *Armstrong*, a taser was used 5 times. In this case, it is undisputed that the taser was used once. It is

6

also clear that a police officer is not entitled to use unnecessary, gratuitous, or disproportionate force by repeatedly tasing a "nonviolent misdemeanant who presented no threat to the safety of the officer or the public and who was compliant and not actively resisting arrest or fleeing." *Yates v. Terry*, 817 F.3d 877, 887 (4th Cir. 2016). As the Magistrate Judge stated, "as implausible as this scenario sounds," Plaintiff alleges Officer Mahon simply drove into Plaintiff's yard, Plaintiff's girlfriend/wife was leaving when Officer Mahon arrived, Plaintiff told Officer Mahon to leave, and Officer Mahon tased him. Plaintiff alleges in his amended complaint [ECF No. 66] that the officer simply showed up at Plaintiff's residence because he was irritated that Plaintiff was released on bond, and during this encounter on May 2, 2015, finding no justification to re-arrest him, the Officer tased him. In his objections [ECF No. 105, p. 2], Plaintiff denies that the officer was at his residence responding to a domestic dispute. This is belied by the detailed incident report itself [ECF No. 51-7], and the fact that the small town Loris police force had responded on previous calls to the same residence for domestic complaints. While the Magistrate Judge understandably, in a legal, sterile fashion, concluded simply because of Plaintiff's self-serving statement that a question of fact existed, and while in most cases that may be enough to deny summary judgment, such is not the case here.

At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added) (citing Fed. R. Civ. P. 56(c)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a

motion for summary judgment." *Scott*, 550 U.S. at 380; *see also*, *Yeatman v. Inland Prop. Mgmt., Inc.*, 845 F. Supp. 625, 629 (N.D.Ill. 1994) (granting summary judgment where non-moving party's factual assertions "unduly strained credulity"). A court may grant summary judgment notwithstanding testimony from a nonmoving party, if that testimony is "utterly implausible in light of all relevant circumstances." *In re Chavin*, 150 F.3d 726, 728 (7th Cir.1998). Moreover, the law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment. *DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 570 (E.D.Va. 2013); *Auto. Fin. Corp. v. EEE Auto Sales, Inc.*, No. 1:10CV1407, 2011 WL 2580399, at *5 (E.D.Va. June 28, 2011) (self-serving affidavit plainly insufficient to present any genuine issue of material fact) (citing Fed.R.Civ.P. 56(e), *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir.1996), *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir.1988)).

In this case, no reasonable jury could believe the Plaintiff's version of facts as it relates to his claims of excessive force. Although the Magistrate Judge recognized the "implausibility" of the Plaintiff's allegations, he concluded that Plaintiff's allegations alone were sufficient to create a genuine issue of material fact (Doc. # 96; p. 15). This Court, on the other hand, has had the unique and unusual opportunity to become familiar with the Plaintiff as a result of his federal conviction for being a felon in possession of a firearm. *See United States v. Curtis Richardson*, Crim No. 4:15-cr-00492-RBH. The Court can take judicial notice of its own records of Plaintiff's federal criminal case, which resulted in a guilty plea and sentence of imprisonment. *See Colonial Penn Ins. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989). In the federal criminal case, in which Plaintiff represented himself and was afforded stand-by counsel, other than a minor objection to the Presentence

8

Investigation Report ("PSR"), Plaintiff did not object to the Court's adoption of the PSR at its findings of fact. The PSR confirms that at least a couple of weeks before the May 2, 2015 incident, Plaintiff became physical and violent both with a domestic victim and then with police during his arrest. Plaintiff's violent physical outburst continued during Plaintiff's transport with Plaintiff even damaging the patrol vehicle during transport. The PSR further confirms that for most of Plaintiff's life, he has been a one-man crime wave with various felony convictions involving fraud, burglary, felony larceny, forgery, grand larceny, receiving stolen goods, trafficking crack cocaine, possession with intent to distribute marijuana, not to mention the underlying federal case he was before the undersigned for, namely felon in possession of a firearm. To say Plaintiff's credibility is questionable is an understatement.

If this case comes down to a swearing contest or a credibility contest between Officer Mahon and Plaintiff, no rational or reasonable juror could believe Plaintiff's version of events. Importantly and clearly, there had been a prior response to the Plaintiff's residence with physical violence by the Plaintiff both toward a victim and the police to the point that he was able to do property damage to a patrol car during transport. Also, clearly he was not tased multiple times, but once, by an officer who knew Plaintiff's extensive and violent history from prior dealings, including Officer Mahon's own involvement in the federal firearm conviction. In that case, Officer Mahon was the arresting officer and located a loaded firearm in Plaintiff's vehicle. Officer Mahon was also aware of Plaintiff's run-ins with the Loris Police Department, including the domestic dispute two weeks earlier.

Plaintiff is no virgin to both the criminal and civil court system. Plaintiff has filed dozens of meritless civil cases in federal court dating back nearly 15 years. Not only is his credibility totally

9

lacking such that no rational juror could find him credible, but he had previously posed a threat to a victim and officers during a previous domestic disturbance just weeks before to the point he was able to damage a patrol vehicle. Plaintiff offers no evidence to support his excessive force claim other than his own implausible self-serving statements. With this backdrop, under these circumstances, Defendant Mahon is entitled to summary judgment on Plaintiff's excessive force claim as Plaintiff has failed to set forth sufficient facts to establish that Defendant Mahon's use of force was objectively unreasonable.

**C.     Supervisory Liability**

To the extent Plaintiff seeks to hold Chief Shepherd liable for Officer Mahon's conduct, the Magistrate Judge recommended summary judgment as Plaintiff failed to establish a sufficient basis for supervisory liability. A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994) (setting forth elements necessary to establish supervisory liability under § 1983).

Plaintiff objects to the Magistrate Judge's recommendation and argues that he has satisfied the necessary elements for supervisory liability as to Defendant Shepherd. Plaintiff argues that Defendant Shepherd was put on notice of Officer Mahon's conduct on May 28, 2015 and failed to

remedy his continued incarceration. However, Plaintiff cannot establish a causal link between Defendant Shepherd's alleged inaction and the particular constitutional injuries suffered. Defendant Shepherd is only alleged to have failed to take action after being put on notice of Officer Mahon's conduct on May 28, 2015, well after Officer Mahon's alleged constitutional violations. The Court, therefore, agrees with the Magistrate Judge that summary judgment is appropriate as to Plaintiff's § 1983 supervisory liability claim.

**D.     Search of Plaintiff's House**

The Magistrate Judge recommended dismissing Plaintiff's claims related to the search of his house because Plaintiff had failed to state a claim on which relief could be granted. The Magistrate Judge noted that Plaintiff did not allege the Defendants did not have a search warrant and Plaintiff admitted he was later served with a search warrant. To the extent Plaintiff suffered any property damage or loss as a result of the search, the Magistrate Judge stated Plaintiff had an adequate state remedy under the S.C. Tort Claims Act. Plaintiff also failed to allege that the Defendants caused any damage as a result of the search, only that the Defendants did not prevent it.

Plaintiff argues in his objections that Defendants did not have a search warrant and cannot produce one. However, Plaintiff's verified amended complaint states that "[o]n July 29th after taking me to jail, Karen Shepherd the chief took my keys to my house without showing a search warrant or permission went in my house and got a lot of items she said and several days later (as I was not present during the alleged search) served me with warrants relevant to same." [Amended Complaint, ECF No. 66, pg. 4]. Plaintiff cannot create a question of fact by recanting his own sworn statement and changing his version of events mid-way through the case. Plaintiff's amended complaint fails to state a constitutional claim with regard to the alleged search of Plaintiff's house

on or about July 29th. The Court adopts the Magistrate Judge's recommendation that Plaintiff's claims related to the search of his house be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Preliminary Injunction**

Plaintiff filed a motion for a preliminary injunction asking the Court to compel the Irwin County Detention Center to transport his legal box to his current location. After noting that the Irwin County Detention Center was not a party to this action, the Magistrate Judge recommended denying Plaintiff's motion for preliminary injunction because Plaintiff failed to present facts sufficient to satisfy the required elements for a preliminary injunction as set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Plaintiff did not object to the Magistrate Judge's recommendation that his motion be denied. Finding no clear error, the Court adopts the Magistrate Judge's recommendation that Plaintiff's motion for preliminary injunction be denied.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case with the exception of the excessive force claim. The court overrules Plaintiff's objections and **GRANTS** Defendants' [ECF No. 81] motion for summary judgment. Accordingly, Plaintiff's claims for excessive force, false arrest, and supervisory liability are **DISMISSED with prejudice**. Plaintiff's claims related to the search of his house are **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's [ECF No. 88] motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED**.

March 23, 2017                                             s/ R. Bryan Harwell
Florence, South Carolina                                   R. Bryan Harwell
                                                           United States District Judge